SIMPSON, ADMR., APPELLANT, *v.* CONTINENTAL CASUALTY CO., APPPELLEE.

(No. 10807—Decided May 5, 1969.)

*Mr. Richard D. Haney,* for appellant.

*Mr. Milton M. Bloom* and *Mr. Gordon C. Greene,* for appellee.

HESS, J.  This is an appeal on questions of law by the plaintiff, appellant herein, from the Court of Common Pleas, Hamilton County, seeking to reverse a summary judgment entered on behalf of the defendant, appellee herein.

The within appeal was instituted by the plaintiff on January 31, 1969, and, on April 1, 1969, the defendant filed its motion to dismiss the appeal "for the reason that the plaintiff-appellant has failed to file a bill of exceptions."

On July 20, 1962, plaintiff filed an action (case No. A-130311) in the Court of Common Pleas, Hamilton County, against the defendant claiming recovery pursuant to certain policies of insurance. On or about January 17, 1964, the plaintiff unilaterally dismissed case No. A-1303-11, and, on July 3, 1964, the within action was filed (case No. A-203668).

202

Pursuant to the agreement of counsel herein, the following undisputed facts were stipulated:

"1. Exhibit A and Exhibit B attached to plaintiff's petition and designated respectively as Policy No. 23175-265 and Policy No. 16761361, are true and accurate copies of policies issued by defendant to Sylvia Gold, deceased.

"2. Said policies of insurance provided that 'written notice of claim must be given to the company within twenty days after the occurrence of commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible.'

"3. Sylvia Gold allegedly suffered a disability on or about July 4, 1960, and filed written notice of claim on August 10, 1960, which notice was received on August 12, 1960, by the defendant.

"4. Said policies of insurance, among other things, provided that no action at law 'shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.'

"5. On or about July 20, 1962, plaintiff filed an action against defendant claiming recovery pursuant to said policy, said action having been filed in the Court of Common Pleas, Hamilton County, Ohio, under case No. A-190311.

"6. On or about January 17, 1964, said action, A-190311, was dismissed. A true and accurate copy of said entry of dismissal is attached hereto and marked Exhibit 1.

"7. On July 3, 1964, plaintiff filed the within action."

Summary judgment was entered for defendant in the Court of Common Pleas.

In its motion to dismiss the appeal herein, defendant maintains that the failure of the plaintiff to file a bill of exceptions requires this court to dismiss the appeal.

The question before this court is whether a bill of exceptions is necessary in the appeal of a summary judgment in a case filed in the Court of Common Pleas before November 5, 1965, which is the effective date of the last amendment to Section 2311.041, Revised Code.

In the cases of *Smith* v. *Diamond Milk Products, Inc.,*

176 Ohio St. 143; *Wickham* v. *First Federal Savings &
Loan Co.*, 177 Ohio St. 170; *Ford* v. *Ideal Aluminum, Inc.*,
7 Ohio St. 2d 9; and *Crow* v. *Brite Metal Treating, Inc.*,
9 Ohio St. 2d 63, the Supreme Court of Ohio has discussed
the problem of whether a bill of exceptions was neces-
sary to prosecute an appeal from a judgment granted un-
der Section 2311.041, Revised Code, as originally consti-
tuted. In each of these cases the failure of the appellant
to file a bill of exceptions with the appeal was determined
to be fatal to the appellant.

In its amended form, Section 2311.041, Revised Code,
permits the trial court upon motion for summary judg-
ment to consider *only* the following evidence and stipula-
tions: pleadings, depositions, answers to interrogatories,
written admissions of the genuineness of papers and doc-
uments, affidavits, transcripts of evidence in the pending
case and written stipulations of facts. *Morris* v. *First
Natl. Bank & Trust Co.*, 15 Ohio St. 2d 184.

The *Morris case, supra,* concludes that in a case *filed*
before the effective date of the amendment to Section 2311.-
041, Revised Code (November 5, 1965), a bill of exceptions
is necessary, and that a bill of exceptions is not required
in an appeal based upon a judgment rendered pursuant to
a motion for summary judgment after November 5, 1965.

Counsel for the appellee (defendant below) argues at
length that the appeal herein should be dismissed for the
further reason that the plaintiff (appellant here) dismiss-
ed his first petition on the same subject matter before the
instant case was filed. The motion to dismiss filed by the
defendant does not include any reference to the previous
dismissal and, therefore, will not be considered.

For the reasons given, the motion to dismiss the ap-
peal herein is granted.

*Appeal dismissed.*

SHANNON, P. J., and HILDEBRANT, J., concur.