HICKMAN, APPELLEE, *v.* FORD MOTOR COMPANY ET AL., APPELLANTS.

(No. 36039—Decided July 14, 1977.)

Stewart & Dechant Co., L. P. A., Mr. Robert F. Voth, and Mr. John S. Searles, for appellee.

Messrs. Squire, Sanders & Dempsey and Mr. Richard W. McLaren, Jr., for appellants.

Parrino, J. Plaintiff-appellee, while working on an assembly line for his employer, defendant-appellant Ford Motor Company, was beaten by a co-worker. The Bureau of Workmen's Compensation allowed appellee's claim for injuries which he claimed to have received in the course of and arising out of his employment and as a direct or proximate result of that beating.

After unsuccessfully contesting appellee's claim for compensation before the Bureau of Workmen's Compensation and the Industrial Commission of Ohio, appellant filed a notice of appeal in the Court of Common Pleas pursuant to R. C. 4123.519. Appellee's appeal was designated No. 930050.

Appellee filed a complaint with jury demand on August 5, 1974, pursuant to R. C. 4123.519. Appellee's complaint was designated No. 74-932010. Case Nos. 930050 and 74-932010 were consolidated by order of the Court of Common Pleas on November 13, 1974.

Appellee claimed that on January 30, 1973, "while in the course and scope of his employment, [he] was struck in the face, knocked down and kicked in the left side of his back and generally assaulted and battered by a co-worker." Appellee further alleged that as a "direct and proximate result of this occurrence, he was disabled for a period of time, incurred medical expenses for the treatment of his

left eyebrow, lumbosacral sprain and other injuries."

Appellee filed a motion for summary judgment on September 2, 1975. The court granted the motion on January 8, 1976. Appellant appealed assigning three errors.

"I. The trial court erred in granting summary judgment to claimant allowing him to participate in the Workmen's Compensation Fund without expert medical testimony to show that claimant suffered a medical disability which was directly and proximately caused by the alleged incident.

"II. The trial court erred in granting summary judgment to claimant based on depositions which contained conflicts in testimony sufficient to raise a genuine issue as to a material fact on which reasonable minds could come to more than one conclusion."

Appellee's motion for summary judgment incorporated by reference the pleadings filed in the matter, memorandums of law submitted by appellee and appellant, and unsworn, undated statements allegedly given by appellee and appellee's co-worker, Stanley Mangrum. The trial court also had before it appellant's brief in opposition to the motion for summary judgment. Appellant's brief had attached to it the deposition of Stanley Mangrum taken May 7, 1975.

There is no indication in the record that the trial court had any other documents before it when it considered appellee's motion for summary judgment.

In order to establish a right to workmen's compensation, a claimant must show by a preponderance of the evidence, medical or otherwise, not only that his injury arose out of and in the course of his employment, but also that a direct or proximate causal relationship exists between his accidental injury and his harm or disability. *White Motor Corp.* v. *Moore* (1976), 48 Ohio St. 2d 156; *Fox* v. *Industrial Commission* (1955), 162 Ohio St. 569, 576.

Summary judgment may be granted if evidence properly before the court shows that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civil Rule 56(C). The court may consider only the evidence or stipulation

stated in Civil Rule 56(C). The court's consideration is limited to the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact which are timely filed.*

It is clear that the briefs of the parties and memorandums of law are not properly considered evidence under Civil Rule 56(C). *Accord*, staff note to Civil Rule 56(C); *State Farm Mutual Ins. Co.* v. *Valentine* (1971), 29 Ohio App. 2d 174 (paragraph three of the syllabus and page 182). *Cf. Morris* v. *First Natl. Bank & Trust Co.* (1968), 15 Ohio St. 2d 184, 185-186; *Simpson* v. *Continental Cas. Co.* (1969), 19 Ohio App. 2d 201, 203; and *Leonard Ins. Agency* v. *Fuller Motor Delivery* (1968), 16 Ohio App. 2d 161. (*Morris, Simpson*, and *Leonard Ins.* construe former R. C. 2311.041 (B).) See also 32A Ohio Jurisprudence 2d 458, Judgments, Section 908. The unsworn, undated statements of appellee and Stanley Mangrum were not incorporated into an affidavit, a stipulation, an answer to an interrogatory, an admission, or a deposition. As such, the trial court should not have considered these two statements.

The complaint alleges that appellee was "assaulted and battered" on the job, but the deposition of Stanley Mangrum, properly considered under Civil Rule 56(C), implies that appellee may have been the aggressor in the fight between appellee and Mangrum. Moreover, Mangrum's deposition suggests that appellee may have approached Mangrum after the pair's initial verbal altercation had quieted down.

---

*Civil Rule 56(C) provides in part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

We conclude that there exist genuine issues of material fact as to whether appellee was the aggressor in the altercation and whether or not appellee acted outside the course and scope of his employment at the time his injuries were sustained. *Industrial Commission* v. *Bankes* (1934), 127 Ohio St. 517 (paragraph one of the syllabus); *Davis* v. *Industrial Commission* (1957), 76 Ohio Law Abs. 474; *Brown* v. *Industrial Commission* (1948), 54 Ohio Law Abs. 333; *Williams* v. *Industrial Commission* (1939), 63 Ohio App. 66.

The record is bare of any evidence which tends to establish the direct or proximate causal relationship between appellee's injury and his physical harm or disability. *White Motor Corp.* v. *Moore, supra; Fox* v. *Industrial Commission, supra.* The record indicates that the trial court had no such evidence before it. The "medical documents" attached to appellee's brief are not properly a part of the appellate record (Appellate Rule 9[A]), and there is no indication that the trial court had other admissible medical documents before it.

We do not believe, as does appellant, that the direct or proximate causal relationship between an injury and a physical harm or disability can only be established by "expert medical testimony." There are occasions when such direct or proximate causal relationships may be so apparent as to be within the realm of common or lay knowledge eliminating the requirement of expert medical testimony. *White Motor Corp.* v. *Moore, supra; Darnell* v. *Eastman* (1970), 23 Ohio St. 2d 13 (syllabus); *Fox* v. *Industrial Commission, supra,* paragraph one of the syllabus.

In the instant case, appellee has not claimed, and it is not apparent to this court, that his "lumbosacral sprain" is such an injury as to be a matter within the scope of common knowledge.

We hold that to be entitled to workmen's compensation, a worker who claims to have been beaten and injured by a fellow employee must prove by a preponderance of the evidence, medical or otherwise, not only that his injury arose out of and was received in the course of his employment, but also that a direct or proximate causal relationship exists between his injury and his harm or disability. A trial court is not justified in granting a summary judgment in

favor of such employee where the record demonstrates the existence of genuine issues of material fact as to scope of employment and proximate cause. The trial court was in error in granting appellee's motion for summary judgment.

Assignments of Error Nos. I and II are sustained.

Assignment of Error No. III states:

"The trial court erred in granting a motion for summary judgment filed after the case had been pretried and set for trial, where consent to file the motion was not first obtained from the defendant, Ford Motor Company."

Civil Rule 56(A), in effect at times relevant to this cause, provided:

"*For party seeking affirmative relief.* A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. However, if the action has been set for pretrial, a motion for summary judgment may be made only with leave of court. If the action has been set for trial, a motion for summary judgment may be made only with the consent of all parties."

We fail to find any notation in the record that this cause was set for trial or pretrial. In the absence of such showing in the record, we cannot say that the provisions of Civil Rule 56(A) were disregarded by the trial court and appellee.

Assignment of Error No. III is overruled.

The judgment in favor of appellee is reversed and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed.*

STILLMAN and KRUPANSKY, JJ., concur.