DECISION AND JUDGMENT ENTRY
In 1992, appellant, Harry J. Treen, pled guilty in the Ottawa County Court of Common Pleas to raping the twelve-year-old daughter of his girlfriend. On January 22, 1993, the court sentenced him to an indeterminate term of incarceration of from five to twenty-five years. In 1997, pursuant to R.C. Chapter 2950, the Ohio Department of Corrections referred appellant to his sentencing court for a determination as to whether he should be adjudicated a sexual predator.
The court held a hearing at which it introduced as its own exhibit the summary portion of appellant's 1992 presentence investigation report and appellant's contemporaneously written statement. No further evidence was introduced at this hearing. The court denied appellant's request for an independent psychological evaluation, but offered as an alternative an evaluation by the Court Diagnostic and Treatment Center. Appellant declined to use the alternative.
On June 21, 1999, the trial court released its decision classifying appellant as a sexual predator. In doing so, the court relied on the evidence admitted at the hearing as well as several documents filed by appellant with the pro se portion of his Anders brief. See State v. Treen (Dec. 8, 1995), Ottawa App. No. OT-95-023, unreported.
Appellant now appeals his classification as a sexual predator, assigning as error: 1) he was denied due process; 2) the sexual offender screening process is "junk science"; 3) the court's determination was against the manifest weight of the evidence; 4) his retroactive classification as a predator negated the voluntariness of his plea; and 5) the court abused its discretion in denying him an independent psychological evaluation.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
Appellant's due process argument is premised on the R.C.2950.09(B)(1) requirement that at the classification hearing the offender, "* * * shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses * * *." Appellee contends that the prosecutor's failure to call any witnesses at the hearing denied him the right to cross-examine and the court's refusal to appoint an independent psychologist denied him of his right to present an expert witness.
The statutory cross-examination right guarantees theopportunity to cross-examine. Had the prosecution called a witness, then a refusal to allow appellant to cross-examine the witness would surely have violated his rights. However, there is nothing in the statute which requires the prosecutor to call witnesses. Moreover, a sexual predator hearing is more akin to a sentencing hearing wherein reliable hearsay evidence is admissible. State v. Lee (1998), 128 Ohio App.3d 710, 719. Consequently, it is possible that a sexual predator determination may be made solely on the basis of such evidence.
With respect to the appointment of an independent psychologist, the court did not deny appellant's evaluation. It denied him a specific psychologist. Appellant declined the court's offer to be evaluated by the Court Diagnostic and Treatment Center. He cannot now complain that his own decision was prejudicial to him. Accordingly, appellant's first and fifth assignments of error are not well-taken.
Concerning appellant's complaint that the Department of Corrections' sexual predator screening process is "junk science," the form used enumerates a number of factors which might indicate that an individual is a sexual predator. Relevant to appellant were the facts that appellant raped a victim under age thirteen and used pornography in the process. These are statutory considerations which the legislature has deemed relevant to a sexual predator classification. R.C. 2950.09(A)(2)(b), (c), and (j). Moreover, irrespective of any scientific methodology deficiencies in the screening process, the ultimate decision as to classification rests with the trial court. Accordingly, appellant's second assignment of error is not well-taken.
In his fourth assignment of error, appellant contends that since he was not informed of his potential to be adjudged a sexual predator at his plea hearing, his plea was not knowing and voluntarily given.
This argument has been previously considered and rejected, inferentially in State v. Cook (1998), 83 Ohio St.3d 404, and directly in State v. Abrams (Aug. 20, 1999), Montgomery App. No. 17459, unreported. Accordingly, appellant's fourth assignment of error is not well-taken.
Appellant's third assignment of error goes to what he asserts is a lack of evidence that he is likely to engage in future sexually oriented offenses. Appellant argues that a single sexually oriented offense, without more, is simply insufficient to clearly and convincingly establish that an individual is likely to commit a future offense. Moreover, appellant argues that the trial court erred in sua sponte considering as evidence attachments to his 1995 pro se appellate brief.
Interestingly, the trial court itself noted that, were it to rely solely on the presentence investigation summary in evidence, it would be, "* * * hard pressed to make a determination of predation by clear and convincing evidence." The court refused to consider the supporting documents which were originally attached to the summary, but never introduced into evidence, because, the court said, to do so would be "manifestly unfair." Instead, the court took notice of several documents appellant appended to hispro se brief to this court and concluded, based on this additional evidence, that there was sufficient proof to classify appellant a sexual predator.
A trial court may take judicial notice of prior proceedings in the same case, Diversified Mtg. Investors v. Athens County
(1982), 7 Ohio App.3d 157, 159, but only of those proceedings.Burke v. McKee (1928), 30 Ohio App. 236, 238-239; In reWilliam S. (Sept. 2, 1994), Erie App. No. E-93-58, unreported. However, as appellant points out, attachments to appellate briefs are not part of the record, App.R. 9(B), and may not be considered by an appellate court. State v. Tate (1979), 59 Ohio St.2d 50, fn 1; Hickman v Ford Motor Co. (1977), 52 Ohio App.2d 327,331. It would be illogical to permit material which may not be considered on the appellate level to be considered elsewhere for substantive purposes. Consequently, we conclude that the trial court erred in considering this extraneous material and relying on it when making its determination. Absent the availability of these documents, we must agree with the trial court that the state failed to meet its burden to show by clear and convincing evidence that appellant should be deemed a sexual predator.
Accordingly, appellant's third assignment of error is well-taken.
On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is reversed with respect to appellant's classification as a sexual predator. Pursuant to R.C.2950.03(A)(1), however, appellant is automatically a sexual oriented offender by virtue of his rape conviction. Costs to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ JAMES R. SHERCK, J.
 MELVIN L. RESNICK, J. JUDGE, MARK L. PIETRYKOWSKI, J. JUDGE, CONCUR.