DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens Municipal Court summary judgment in favor of David C. Reiser, defendant below and appellee herein. Jack V. Oakley, plaintiff below and appellant herein, raises the following assignment of error for review:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THERE WERE GENUINE ISSUES AS TO MATERIAL FACTS."
On February 16, 1999, appellant filed a complaint and alleged that appellee, "an architect, failed to properly supervise workmen in the construction of a shower causing tile to come up and the floor and sides of the shower to rot from improper design." Appellee denied liability.
Both parties subsequently filed cross-motions for summary judgment. Appellee argued that: (1) he did not breach any contract provision and that he did not fail to perform any work in a workmanlike manner; and (2) appellant did not file his complaint within the applicable statute of limitation. In his motion, appellant argued that: (1) appellee failed to properly supervise the construction; and (2) he filed his complaint within the applicable statute of limitation.
On February 23, 2000, the trial court denied appellant's motion for summary judgment and granted appellee's motion for summary judgment. On December 8, 2000, this court reversed and remanded the trial court's decision. See Oakley v. Reiser (Dec. 8, 2000), Athens App. No. 00 CA 13, unreported. We concluded that the trial court had failed to afford appellant sufficient time to respond to appellee's summary judgment motion.
On remand, appellant filed a reply to appellee's motion for summary judgment. In his reply, appellant continued to assert that he filed his complaint with the applicable statute of limitations and that appellee failed to properly supervise the construction. Appellant argued that appellee's affidavit filed in support of appellee's motion for summary judgment was "basically false."
On June 28, 2001, the trial court again granted appellee's motion for summary judgment. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant asserts that the trial court erred by granting appellee summary judgment. We initially note that when an appellate court reviews a trial court's summary judgment decision, the appellate court conducts a de novo review. See, e.g., Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the evidentiary materials to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley (1991),75 Ohio App.3d 409, 411-12, 599 N.E.2d 786. In determining whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. Rather, Civ.R. 56 requires the nonmoving party to respond with competent and specific evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264; Jackson v. Alert Fire SafetyEquip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027.
Based upon our review of the record, we agree with the trial court's conclusion that no genuine issues of material fact remain for resolution at trial regarding whether appellee failed to properly supervise the construction of appellant's bathroom.[1] None of the documents appellant submitted to the trial court[2] contain any evidence to suggest that appellee failed to properly supervise the construction project or that appellee failed to perform the work in a workmanlike manner. Appellant's allegations in his brief and in his affidavit that appellee's affidavit is "false" and that appellee failed to properly supervise the construction project do not sufficiently create a genuine issue of material fact. First, we note that the parties' briefs, memoranda of law, and the unsworn, undated statements of the parties are not proper Civ.R. 56 evidence. Hickman v. Ford Motor Co. (1977),52 Ohio App.2d 327, 370 N.E.2d 494. Second, merely asserting the falsity of the opposing party's affidavit without specific facts to support the allegation does not create a genuine issue of material fact. See Talleyv. WHIO TV-7 (1998), 131 Ohio App.3d 164, 169, 722 N.E.2d 103, 106. Third, "[a] court may disregard conclusory allegations in an affidavit unsupported by factual material in the record." Rice v. Johnson (Aug. 26, 1993), Cuyahoga App. No. 63648, unreported.
We further note:
 "Parties to litigation should not be allowed to thwart the purpose of Civ.R. 56 by creating issues of fact. If this were permitted, the utility of summary judgment as a valuable procedure for screening out sham factual issues would be greatly undermined."
Barile v. East End Land Dev. (Dec. 23, 1999), Lake App. No. 98-L-149, unreported.
In sum, we believe that appellant has inadequately responded to appellee's properly supported summary judgment motion with specific facts that demonstrate the existence of a genuine issue of material fact. Instead, appellant restates the allegations contained in his complaint without providing specific facts to support those allegations.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J., Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] We note that appellant's brief mainly is devoted to the argument that the trial court improperly concluded that the statute of limitations barred his complaint. Because we believe that the trial court properly determined that no genuine issue of material fact remained regarding the merits of appellant's complaint, we need not decide whether the trial court properly concluded that the statute of limitations barred appellant's complaint.
[2] In reviewing the record, we note that appellant's summary judgment reply memorandum references various documents. Documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and generally should not be considered by the trial court. See Mitchell v. Ross (1984), 14 Ohio App.3d 75, 75, 470 N.E.2d 245,246. Nevertheless, this court may consider unsworn, uncertified, or unauthenticated evidence if neither party objected to such evidence during the trial court proceedings. See, generally, Besser v. Griffey
(1993), 88 Ohio App.3d 379, 623 N.E.2d 1326.