OPINION
{¶ 1} Plaintiff-appellant, Pamela Choate, appeals the decision of the Warren County Court of Common Pleas denying her right to participate in the workers' compensation fund for her claimed injuries. We affirm the decision of the trial court.
 {¶ 2} Appellant worked at Tranet, Inc. ("Tranet") as an office manager. The majority of appellant's duties consisted of answering phones, recruiting, bookkeeping, and organizing the company office and warehouse. Appellant testified that occasionally she had to lift heavy items.
 {¶ 3} In April of 2000, appellant alleged that she began to experience pain in her lower back and leg. On August 29, 2001, appellant sent Tranet a letter announcing her resignation. In this letter, appellant made no reference to any physical injuries that forced her to resign.
 {¶ 4} However, in November 2001, appellant filed a claim for workers' compensation benefits. The Industrial Commission of Ohio ("Industrial Commission") denied appellant's claim. Consequently, appellant filed an appeal from the Industrial Commission's order to the trial court pursuant to R.C. 4123.512.
 {¶ 5} On September 4, 2003, appellant's claim went before a jury. Appellant, representing herself, argued that her injuries developed over time due to constant heavy lifting. Yet, appellant never had a single injury involving her back or leg reported in the Tranet OSHA log, which contains a list of all reported work-related injuries. Furthermore, appellant testified that she organized the OSHA log and it was her responsibility to keep the records for the OSHA log.
 {¶ 6} At trial, while cross-examining appellant, appellees advanced several theories on the cause of appellant's back and leg pain. Appellees suggested that appellant's back and leg pain were the result of spondylosis and degenerative disc disease, or from her obesity. Appellant admitted that she suffers from spondylosis and degenerative disc disease. Appellant also testified that she was five feet tall and weighed 260 pounds while Tranet employed her.
 {¶ 7} At the close of appellant's evidence, appellees moved for a directed verdict based on appellant's failure to call any medical expert to establish a causal relationship between her job and her injury. In response, appellant moved for a continuance.
 {¶ 8} The trial court stated on the record that appellant had been warned about the necessity to use a medical expert at trial. Specifically, the trial court stated that "this is a matter that we discussed in chambers on past occasions." The trial court denied appellant's motion for a continuance. The trial court then granted appellees motion for directed verdict and entered judgment for appellees on September 5, 2003.
 {¶ 9} On September 10, 2003, appellant filed a request for findings of fact and conclusions of law. On September 16, 2003, appellant filed a motion for reconsideration. On October 30, 2003, appellant's motion for reconsideration and her request for findings of fact and conclusions of law were denied. Appellant appeals the decision of the trial court arguing twelve assignments of error. Assignments of error No. 1 and No. 2 will be addressed together as they are related:
 {¶ 10} Assignment of Error No. 1:
 {¶ 11} "The trial court erred to the prejudice of plaintiff/appellant by granting the defendants/appellee's motion for directed verdict."
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The trial court erred to the prejudice of the plaintiff-appellant when it granted defendant/appellee's directed verdict for not offering any medical testimony."
 {¶ 14} Appellant argues that "a directed verdict should not be granted if reasonable minds could come to different conclusions." Appellant also argues that "Ohio courts have established that it is not absolutely necessary in all cases of physical injury to produce expert testimony to prove the casual connection of the injury, because when it is a matter of common knowledge that a certain act will produce injury or pain, expert testimony is not required."
 {¶ 15} According to Civ.R. 50(A)(4), a motion for directed verdict is granted if, after construing the evidence most strongly in favor of the party against whom the motion is directed, "reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party."
 {¶ 16} Appellant argues that "after three years of lifting shipments of at times over ninety pounds that it took its toll on her lower back and disabled her." Appellant cannot point to a single incident that caused her injury, nevertheless, she maintains that her injury is "within common knowledge that a woman constantly lifting heavy shipments would injure her back."
 {¶ 17} However, it has been held that a lower back injury is not within the scope of common knowledge. Hickman v. Ford Motor (1977),52 Ohio App.2d 327, 331. Because the cause of lower back pain is not within the scope of common knowledge, "medical testimony is essential."Stacey v. Carnegie-Illinois Steel Corp. (1951), 156 Ohio St. 205, syllabus.
 {¶ 18} Appellant failed to offer expert medical testimony of a causal relationship between the duties of her job and her injury. The Supreme Court of Ohio has held that in order to establish the probability of a proximate casual relationship between an accident and the claimed resulting physical condition, medical testimony is essential. Id. Consequently, without expert medical evidence of a proximate causal relationship between appellant's injury and her job, reasonable minds can come to but one conclusion, and that conclusion is adverse to appellant. The first and second assignments of error are overruled.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "The trial court erred to the prejudice of plaintiff/appellant when it sustained the objection by the defendants/appellees not to admit plaintiff/apellant's treating physician's curriculum vitae."
 {¶ 21} Appellant argues that "medical records from this treating physician were admitted into evidence and the curriculum vitae should also be admitted."
 {¶ 22} A trial court "has broad discretion in determining whether to admit or exclude evidence." Kirschbaum v. Dillon (1990), 58 Ohio St.3d 58,66. Absent an abuse of discretion that materially prejudices a party, the trial court's decision will stand Id. An abuse of discretion connotes more than an error of law or judgment: it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court. QuonsetHut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47.
 {¶ 23} A curriculum vitae or resume of an expert witness lists that individual's qualifications and experiences. Appellant's treating physician did not testify, therefore, his qualifications and experiences are immaterial. Consequently, the exclusion of appellant's treating physician's curriculum vitae was not unreasonable, arbitrary, or unconscionable. The third assignment of error is overruled.
 {¶ 24} Assignment of Error No. 4:
 {¶ 25} "The trial court erred to the prejudice of plaintiff/appellant when it redacted any and all references to plaintiff/appellant's work-related injury."
 {¶ 26} Appellant argues that "when a physician's opinion is based upon a professional conclusion arrived at after a proper examination, and that opinion is relevant to the issue being tried, then the opinion is admissible."
 {¶ 27} Appellant's treating physician did not testify, therefore, he could not be cross-examined on his opinions and professional conclusion. Appellees objected to appellant's introduction of exhibits from her treating physician when the exhibits referred to appellant's injury as work related. The trial court sustained the objections.
 {¶ 28} In order to establish the probability of a proximate causal relationship between an accident and the claimed resulting physical condition, medical testimony is essential. Stacey, 156 Ohio St. at syllabus. Without expert medical testimony to establish the proximate causal link between appellant's job and her physical condition, the trial court correctly sustained appellees' objections to references in appellant's exhibits describing her medical condition as work related. Consequently, the fourth assignment of error is overruled.
 {¶ 29} Assignment of Error No. 5:
 {¶ 30} "The trial court erred to the prejudice of plaintiff/appellant when it considered the defendants/appellees' oral motion that the plaintiff/appellant's condition at issue is spondylosis and degenerative disc disease."
 {¶ 31} Appellant argues that "statements made by counsel were incorrect and improper and was a continuation of prejudice and abuse directed at [her]." Appellant also argues that appellees' statements indicating the cause of her medical condition as spondylosis and degenerative disk disease is "not the facts of this case or the evidence."
 {¶ 32} However, appellant did not object to any of appellees' statements regarding her spondylosis and degenerative disk disease. Failure to object to statements made at trial waives that issue on appeal. Reichert v. Ingersoll (1985), 18 Ohio St.3d 220, 223.
 {¶ 33} Nevertheless, appellees maintain that their statements are correct and supported by the evidence. Surprisingly, appellant confirms appellees' assertion by admitting in her pro se appellate brief that that she "does have spondylosis and degenerative disk disease." However, she maintains that the spondylosis and degenerative disk disease is "in addition to her lower back injury as diagnosed on her treating physician's records, from lifting heavy shipments at work."
 {¶ 34} Considering appellant's factual admission, appellees' statements regarding her spondylosis and degenerative disk disease were not incorrect or improper. Therefore, the fifth assignment of error is overruled.
 {¶ 35} Assignment of Error No. 6:
 {¶ 36} "The trial court erred to the prejudice of plaintiff/appellant when it permitted defendants/appellees' counsel to testify in opening speeches."
 {¶ 37} Appellant argues that "counsel for defendants/appellees misstated the evidence in their opening speeches and grossly and persistently abused their privilege." Appellant maintains that "the misstatements made by the defendants/appellees had no evidentiary support, were improper and permeated the whole atmosphere of the trial."
 {¶ 38} The function of an opening statement is to inform the finder of fact "in a concise and orderly way of the nature of the case and the questions involved, and to outline the facts intended to be proved."Maggio v. City of Cleveland (1949), 151 Ohio St. 136, 140. An attorney is generally afforded wide latitude in opening and closing arguments. Jonesv. Olcese (1991), 75 Ohio App.3d 34, 39.
 {¶ 39} Appellant failed to object to appellees' statements in opening arguments. Failure to object to alleged misconduct during opening arguments constitutes a waiver of any error associated with the misconduct. Id.; Reichert, 18 Ohio St.3d at 223. Consequently, appellant's sixth assignment of error is overruled.
 {¶ 40} Assignment of Error No. 7:
 {¶ 41} "The trial court erred to the prejudice of plaintiff/appellant when it was apparent that there had been witness tampering."
 {¶ 42} Appellant argues that "an attorney violates an ethical duty when the attorney has ex parte contact with opposing party's witness."
 {¶ 43} Appellant's only evidence of witness tampering revolves around the witnesses' "many memory lapses." Appellant maintains that "one only needs to read the testimony of the witnesses to suspect that they were told what to testify to and to know and their answers gave them away. At times they would start to answer the question and then decide they didn't know the answer." This evidence doesn't prove witness tampering. Appellant has failed to produce any credible evidence of witness tampering.
 {¶ 44} Furthermore, an attorney may obtain discovery of the identity and location of persons having knowledge of any discoverable matter. Civ.R. 26(B)(1). Appellant does not cite to a specific civil rule she claims appellees violated, nor does she reveal the manner in which the ex parte interviews prejudiced her. Appellant states she subpoenaed her witnesses because they had knowledge of "her lifting heavy shipments and heard her complain about her injury." After obtaining the identity of those persons with knowledge of the facts of the case, counsel are entitled to prepare their case without the other side being privy to their strategies in doing so, and may, as a part of that preparation, wish to interview witnesses in an ex parte fashion. See Covington v.Sawyer (1983), 9 Ohio App.3d 40, 45. See, also Davis v. Washington CountyOpen Door Home (S.D.Ohio 2000), 2000 WL 1457004, * 5; Summers v. RockwellIntern. Corp., Inc. (S.D.Ohio 1993), 1993 WL 1480622, *3. Consequently, the seventh assignment of error is overruled.
 {¶ 45} Assignment of Error No. 8:
 {¶ 46} "The trial court erred to the prejudice of plaintiff/appellant when she requested finding of facts and conclusion of law and the court stated it already stated on the record the reason for the directed verdict."
 {¶ 47} Appellant argues that "when a party requests the court for findings of fact and conclusions of law, then the court must reduce the findings of fact and conclusions of law to writing."
 {¶ 48} Civ.R. 52 provides, in part, as follows:
 {¶ 49} "Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56 * * *."
 {¶ 50} The grant of a motion for a directed verdict pursuant to Civ.R. 50(A)(4) at the close of all the evidence in a jury case falls under the "all other motions" language in Civ.R. 52 since the motion was not granted pursuant to Civ.R. 41(B)(2) after appellees completed the presentation of their case. Accordingly, Civ.R. 52 findings of fact and conclusions of law are unnecessary. Garrison v. Jervis B. Webb Co. (C.A. 6, 1978), 583 F.2d 258, 261. Consequently, appellant's eighth assignment of error is overruled.
 {¶ 51} Assignment of Error No. 9:
 {¶ 52} "The trial court erred to the prejudice of plaintiff/appellant when the court in each hearing of the case would admonish that the plaintiff/appellant would be held to the same standards as attorneys but failed to hold the defendant/appellees' counsel to those standards."
 {¶ 53} Appellant argues that "the court was negligent in not forcing the two attorneys representing the defendants/appellees to follow the rules of the court and Ohio and at the same time demanding Plaintiff/Appellant do so in which she complied." Specifically, appellant argues that "counsel for the appellees gave their pre trial statement to appellant on the way back to the court chambers for the pre-trial hearing on the day of the hearing."
 {¶ 54} However, the pretrial statement appellees gave to appellant on September 4, 2003 was the second pretrial statement appellees served on appellant. Appellees served the first pretrial statement to appellant on December 11, 2002. Furthermore, appellant did not argue that receiving the second pretrial statement on the day of the hearing prejudiced her case. Arguments not raised in the trial court are waived and may not be asserted on appeal. Stores Realty Co. v. Cleveland (1975),41 Ohio St.2d 41, 43.
 {¶ 55} Appellant also argues that appellees did not file objections to her exhibits seven days prior to trial. Appellees admit that written objection to appellant's exhibits were not filed seven days before trial. However, appellees state that they did not receive appellant's exhibits until August 27, 2003, seven days before trial. Appellant's exhibits comprised approximately 364 pages. Appellees called appellant on September 3, 2003 to voice their objections to appellant's exhibits.
 {¶ 56} Nevertheless, appellant did not argue at trial that receiving objections to her exhibits over the phone the evening before trial prejudiced her case. Arguments not raised in the trial court are waived and may not be asserted on appeal. Stores Realty Co.,41 Ohio St.2d at 43. Therefore, appellant's ninth assignment of error is overruled.
 {¶ 57} Assignment of Error No. 10:
 {¶ 58} "The trial court erred to the prejudice of plaintiff/appellant when it did not rule on the motions in limine."
 {¶ 59} Appellant argues that "motions in limine were filed to exclude evidence that was irrelevant and not at issue in this action." Appellant maintains that "the court should have ruled on these motions prior to trial."
 {¶ 60} A failure to rule on a pretrial motion is not reversible error. Instead, the Ohio Supreme Court has held that when a court does not rule on a pretrial motion, that motion is ordinarily presumed to have been denied. State ex rel. The V. Cos. v. Marshall, 81 Ohio St.3d 467,1998-Ohio-329, syllabus. Consequently, appellant's tenth assignment of error is overruled.
 {¶ 61} Assignment of Error No. 11:
 {¶ 62} "The trial court erred to the prejudice of plaintiff/appellant when it would not enforce the discovery rule."
 {¶ 63} Appellant argues that "on the day of trial there was still outstanding discovery." The record is silent concerning discovery disputes. Arguments not raised in the trial court are waived and may not be asserted on appeal. Stores Realty Co., 41 Ohio St.2d at 43. Consequently the eleventh assignment of error is overruled.
 {¶ 64} Assignment of Error No. 12:
 {¶ 65} "The trial court erred to the prejudice of plaintiff/appellant when it denied the plaintiff/appellant's motion for continuance."
 {¶ 66} Appellant argues that the trial court erred to her prejudice when it denied her motion for a continuance "to permit her to get the testimony of [an] expert." At the close of appellant's evidence, appellees moved for a directed verdict. At that time appellant asked "that [her] case be held."
 {¶ 67} The trial court denied appellant's motion for continuance stating that, "this is a matter we discussed in chambers on past occasions and I * * * very bluntly indicated to you that you were going to run into a problem at the juncture in your case where you were unable" to produce expert medical testimony.
 {¶ 68} A trial court has broad discretion to grant or deny a continuance. Hartt v. Munobe, 67 Ohio St.3d 3, 9, 1993-Ohio-177. An appellate court will not reverse the denial of a continuance absent an abuse of discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67. An abuse of discretion connotes more than an error of law or judgment: it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court. Quonset Hut, 80 Ohio St.3d at 47.
 {¶ 69} The trial court forewarned appellant about establishing a causal connection between her job and her injury with the opinion of a qualified medical expert. Appellant disregarded the warning, failed to present medical expert testimony at trial, and then asked for a continuance. Denying appellant's request for a continuance on the day of trial after appellant failed to present medical expert is not unreasonable, arbitrary, or unconscionable. Therefore, the twelfth assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Valen, J., concur.