**UNITED STATES of America,**
**Plaintiff,**

v.

**PHILIP MORRIS USA INC. (f/k/a)**
**Philip Morris Incorporated, et**
**al., Defendants.**

**No. CIV.A.99–2496(GK).**

United States District Court,
District of Columbia.

May 6, 2004.

See also 316 F.Supp.2d 6, 2004 WL 1045766 and 316 F.Supp.2d 13, 2004 WL 1045767.

Sharon Y. Eubanks, Stephen D. Brody, Frank J. Marine, Andrew N. Goldfarb, U.S. Department of Justice, Washington, DC, for Plaintiff.

Alfred McDonnell, Arnold & Porter, Denver, CO, Amy L. McGinnis, Amy Elizabeth Ralph, Anne McBride Walker, Arnold & Porter, Washington, DC, Ashley Cummings, Hunton & Williams, Atlanta, GA, Ben M. Germana, Wachtell, Lipton, Rosen & Katz, New York City, Bradley E. Lerman, Winston & Strawn, Chicago, IL, C. Ian Anderson, Davis, Polk & Wardwell, New York City, Christopher J. Cullen, Winston & Strawn, Washington, DC, Cindy L. Gantnier, Hunton & Williams, Richmond, VA, Cynthia S. Cecil, Hunton & Williams, Richmond, VA, Dan K. Webb, Winston & Strawn, Chicago, IL, Daniel C. Jordan, Hunton & Williams, McLean, VA, Duane J. Mauney, Arnold & Porter, Washington, DC, Elizabeth D. Jensen, Winston & Strawn, Chicago, IL, Erik D. Nadolink, Hunton & Williams, Richmond, VA, Floyd E. Boone, Jr., Arnold & Porter, Washington, DC, Herbert M. Wachtell. Wachtell, Lipton, Rosen & Katz, New York City, James Lewis Brochin, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, James Miller Rosenthal, Arnold & Porter, Jane E. Chang, Winston & Strawn Llp, Jay L. Levine, Winston & Strawn, Jeanna Maria Beck, Arnold & Porter, Washington, DC, Jeffrey Wagner, Winston & Strawn, Chicago, IL, Jeffrey M. Wintner, Wachtell, Lipton, Rosen & Katz, New York City, Jonathan Louis Stern, Kendall Millard, Kevin M. Green, Arnold & Porter, Washington, DC, Kevin J. Narko, Winston & Strawn, Chicago, IL, Lauren J. Bernstein, Winston & Strawn, New York City, Leslie Wharton, Arnold & Porter, Washington, DC, Luke A. Palese, Winston & Strawn, Chicago, IL, Matthew Campbell, Winston & Strawn Llp, Melissa L. Marglous, Michael R Geske, Murray R. Garnick, Nick Malhotra, Arnold & Porter, Llp, Washington, DC, Patricia M. Schwarzschild, Hunton & Williams, Richmond, VA, Peter Thomas Grossi, Jr., Arnold & Porter, Washington, DC, Ricardo E. Ugarte, Win-

22

ston & Strawn, Chicago, IL, Richard H. Burton, Hunton & Williams, Richmond, VA, Robert M. Rader, Winston & Strawn Llp, Ryan David Guilds, Arnold & Porter, Washington, DC, Seth Barrett Tillman, Newark, NJ, Sharma Jnatel Simmons, Sharon L. Taylor, Stacy J. Pollock, Arnold & Porter, Washington, DC, Steven M. Barna, Wachtell, Lipton, Rosen & Katz, New York City, Susan Louise Lyndrup, Arnold & Porter, Washington, DC, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Thomas M. Stimson, Timothy M. Broas, Winston & Strawn Llp, Brian K. Esser, Arnold & Porter, Washington, DC, Cheryl Grissom Ragsdale, Christy L. Henderson, Michele B. Scarponi, Hunton & Williams, Richmond, VA, Thomas J. Frederick, Winston & Strawn, Chicago, IL, David B. Alden, Jones, Day, Reavis & Pogue, Cleveland, OH, Elizabeth P. Kessler, Jones, Day, Reavis & Pogue, Columbus, OH, Geoffrey T. Wright Jones, Day, Washington, DC, Harold K. Gordon, Jones, Day, Reavis & Pogue, New York City, Ivan C. Smith, Jones Day Reavis & Pogue, Columbus, OH, John Buchanan Williams, Collier Shannon Scott, Pllc, Jonathan Redgrave, Jones Day, Washington, DC, Lisa M. Sheppard, Womble, Carlyle, Sandridge & Rice, Pllc, Winston–Salem, NC, Nicholas N. Nierengarten, Gray, Plant, Mooty, Mooty & Bennett, PA., Minneapolis, MN, Patrick L. Hubbard, Jones Day, Washington, DC, Paul Crist, Jones, Day, Reavis & Pogue, Cleveland, OH, Paul Sommer Ryerson, Peter John Biersteker, Jones Day, Washington, DC, Randal S. Baringer, Jones, Day, Reavis & Pogue, Cleveland, OH, Robert Francis McDermott, Jr., Jones Day, Washington, DC, Robert C. Weber, Jones, Day, Reavis & Pogue, Cleveland, OH, Scott C. Walker, Jones, Day, Reavis & Pogue, Columbus, OH, William M. Bailey, Collier Shannon Scott, Pllc, Karen O'Brien Hourigan, Jones Day, Washington, DC, Andrew Martin McCormack, King & Spalding, Washington, DC, Dan H. Willoughby, King & Spalding, Atlanta, GA, David M. Bernick, Kirkland & Ellis, Chicago, IL, David Mendelson, David Patrick Sullivan, Kirkland & Ellis, Dawn D. Marchant, Kirkland & Ellis Llp, Washington, DC, Deirdre A. Fox, Douglas G. Smith, Kirkland & Ellis, Chicago, IL, Jason Beckerman, Karen McCartan DeSantis, Kirkland & Ellis Llp, Washington, DC, Leign Ann Dowden, King & Spalding, Atlanta, GA, Michelle H. Browdy, Kirkland & Ellis, Chicago, IL, Paul Lamont McDonald, Philadelphia, PA, Rebecca I. Ruby, Goodwin Procter, Llp, Washington, DC, Stephen R. Patton, Steven D. McCormick, Kirkland & Ellis, Chicago, IL, William Charles Hendricks, III, King & Spalding, Kenneth N. Bass, Kirkland & Ellis, Washington, DC, Bruce D. Ryder, Thompson Coburn Llp, St. Louis, MO, Edward Craig Schmidt, Thompson Coburn, Llp, Washington, DC, J. William Newbold, James M. Cox, Thompson & Coburn, Llp, St. Louis, MO, Matthew David Schwartz, Thompson Coburn, Llp, Washington, DC, Michael B. Minton, Thompson Coburn Llp, St. Louis, MO, Paige Q. Szajnuk, Shook, Hardy & Bacon, Kansas City, MO, Richard Paul Cassetta, Thompson Coburn Llp, St. Louis, MO, Thomas A. Duncan, Shook, Hardy & Bacon, Kansas City, MO, Aaron H. Marks, Daniel R. Benson, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Fred W. Reinke, Clifford Chance US, Llp, Washington, DC, Julie R. Fischer, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Kenneth Anthony Gallo, Paul, Weiss, Rifkind, Wharton & Garrison, Llp, Washington, DC, Leonard A. Feiwus, Marc E. Kasowitz, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, Michael P.A. Cohen, Washington Lawyers' Committee, Washington, DC, Nancy E. Straub, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Warren Neil Eg-

gleston, Howrey Simon Arnold & White, Llp, Washington, DC, Demetra Frawley, Mary Elizabeth McGarry, Simpson, Thacher & Bartlett, New York City, Michael V. Corrigan, Simpson Thacher & Bartlett, New York City, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Washington, DC, Arnon D. Siegel, Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, Bruce G. Sheffler, David L. Wallace, F. John Nyhan, Garyowen P. Morrisroe, Jessica L. Zellner, Chadbourne & Parke Llp, Lawrence Saul Robbins, Roy T. Englert, Jr., Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, Timothy M. Hughes, Chadbourne & Parke, New York City, William Salvatore D'Amico, Chadbourne & Parke, Washington, DC, Lawrence Edward Savell, Chadbouren & Parke, Llp, New York City, Bruce G. Merritt, Debevoise & Plimpton, Washington, DC, David Runtz, Dennis H. Hranitzky, Joseph P. Moodhe, Debevoise & Plimpton, New York City, Judah Best, Kevin C. Lombardi, Steven Klugman, Debevoise & Plimpton, Washington, DC, Steven S. Michaels, Debevoise & Plimpton Llp, New York City, Clausen Jr. Ely, James Alexander Goold, John Vanderstar, Joseph A. Kresse, Keith Allen Teel, Covington & Burling, Washington, DC, Jason T. Jacoby, Hunton & Williams, Richmond, VA, for Defendants.

### MEMORANDUM OPINION

KESSLER, District Judge.

This matter is now before the Court on the United States' Motion for Partial Summary Judgment Regarding Defendants' Affirmative Defenses That the RICO Claims and Sought Relief Are Prohibited by the Tenth Amendment and Separation of Powers and That Defendants Are Not Jointly and Severally Liable for any Disgorgement Ordered by the Court ("Motion"). Defendants[1] have asserted as affirmative defenses that the Government's RICO claims and the relief it seeks are prohibited by the Tenth Amendment and separation of powers principles. They also argue that they are not jointly and severally liable for any potential disgorgement which might be ordered by the Court. The United States argues in this Motion that each of these affirmative defenses is insufficient as a matter of law and must be dismissed.[2]

Upon consideration of the Motion, the Opposition, the Reply and the entire record herein, and for the reasons set forth below, the United States' Motion is **granted**.

## I. BACKGROUND

### A. Factual Allegations

Plaintiff, the United States of America ("the Government") has brought this suit against Defendants pursuant to Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*[3] Defendants are manufacturers of cigarettes

---

1. Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research–U.S.A., Inc., The Tobacco Institute, Inc., and The Liggett Group, Inc.

2. *See* Gov't Mot. Attachment A (chart identifying the particular affirmative defenses challenged by the Motion).

3. The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act,

and other tobacco-related entities. The Government seeks injunctive relief and $289 billion[4] for what it alleges to be an unlawful conspiracy to deceive the American public.

The Government's Amended Complaint describes a four-decade long conspiracy, dating back to at least 1953, to intentionally and willfully deceive and mislead the American public about, among other things, the harmful nature of tobacco products, the addictive nature of nicotine, and the possibility of manufacturing safer and less addictive tobacco products. Amended Complaint ("Am.Compl.") at ¶ 3. According to the Government, the underlying strategy Defendants adopted was to deny that smoking caused disease and to consistently maintain that whether smoking caused disease was an "open question." Am. Compl. at ¶ 34. In furtherance of that strategy, Defendants allegedly issued deceptive press releases, published false and misleading articles, destroyed and concealed documents which indicated that there was in fact a correlation between smoking and disease, and aggressively targeted children as potential new smokers. Am. Compl. at ¶ 36.[5]

### B. Affirmative Defenses

Defendants vehemently deny all the Government's claims and assert a variety of affirmative defenses to the allegations in their Answers, responses to interrogatories, and in the Joint Defendants' Preliminary Proposed Conclusions of Law Regarding Affirmative Defenses ("JDPPCL"). The affirmative defenses they assert include separation of powers,

the Tenth Amendment, and a denial of joint and several liability for any disgorgement the Court may order.

Defendants proffer different rationales to justify each of these affirmative defenses. As to their separation of powers defense, Defendants assert that the Attorney General's enforcement of RICO is an encroachment on Congress' reservation unto itself of the regulation of tobacco. *See* Defs.' Opp'n at 2. As to their Tenth Amendment defense, Defendants initially argued that the activities at issue in this case do not constitute "interstate commerce" for purposes of the Commerce Clause and, therefore, the federal government lacks the authority to bring this action. *See* JDPPCL at 903–05. Defendants now assert that the Government's request for federal enforcement of state and local ordinances in this case violates "fundamental principles of federalism" in violation of the Tenth Amendment. Defs.' Opp'n at 17. Finally, Defendants argue that holding them jointly and severally liable would require each to disgorge more than its ill-gotten gains and would conflict with the holding of this Court that under Section 1964(a), any relief granted must be equitable and not punitive. Defs.' Opp'n at 24.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,

---

4. 42 U.S.C. § 2651, *et seq.*) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B)(ii) & (iii)). *See United States v. Philip Morris*, 116 F.Supp.2d 131 (D.D.C.2000).

4. *See* United States' Preliminary Proposed Findings of Fact at 14.

5. These allegations have been further described in *U.S. v. Philip Morris Inc.*, 116 F.Supp.2d at 136–38.

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## III. ANALYSIS

In this Motion, the Court is considering only issues of law even though the factual context surrounding those legal issues is greatly in dispute.

### A. The Government's RICO Claims and the Relief It Seeks Do Not Violate Separation of Powers Principles.

The Separation of Powers Doctrine reflects the "basic principle of our constitutional scheme that one branch of the Government may not intrude upon the central prerogatives of another." *Loving v. United States*, 517 U.S. 748, 757, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996). According to Defendants, the Government is improperly "usurping the legislative function" by bringing this RICO suit. *See* Defs.' Opp'n at 3–4, 8, 9, 11–12. They do not deny that the conduct alleged falls within the scope of RICO. Instead, they argue that Congress has created a distinct regulatory regime for tobacco, one which reserves for Congress alone the power to regulate in this area and that the Government's claims and proposed relief "seriously impinge" on this reserved authority. *Id.* at 6.

The Government, in its Motion, argues that Congress enacted the RICO statute and explicitly authorized the Attorney General of the United States to bring the kind of civil RICO action for equitable relief which is in issue in this case. The Government asserts that it is enforcing legislation, not "regulating" the tobacco industry. Motion at 21. For these reasons, the Government argues that it is entitled to summary judgment on grounds that the affirmative defense of separation of powers is not available to Defendants as a matter of law.

In its Memorandum Opinion of March 17, 2004, the Court denied Defendants' Motion for Summary Judgment on the Grounds that the Government's RICO Claims Violate Separation of Powers ("Defendants' Separation of Powers Motion"). The Court held that, in bringing its RICO claims pursuant to an explicit statutory grant of authority, the Government is enforcing the law that Congress passed and carrying out its intent, not usurping its legislative function. March 17, 2004 Mem. Op. at 5–9. The Court also concluded that Defendants failed to show that the RICO claims asserted in this case are inconsistent with the regulatory regime governing tobacco that Congress has established. *Id.* Thus, for the same reasons that Defendants' Separation of Powers Motion was denied, the Government's present Motion as to separation of powers is granted.

### B. The Government's RICO Claims and the Relief It Seeks Do Not as a Matter of Law Violate the Tenth Amendment.

The Tenth Amendment to the Constitution provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States." U.S. Const. Amend. X. While the Tenth Amendment protects the powers of the States, the Constitution specifically grants to Congress the "power ... to regulate commerce with foreign nations, and among the several States." U.S. Const. Art. I, § 8, cl. 3 (hereinafter the "Commerce

Clause"). Accordingly, since the Constitution explicitly delegates to Congress the plenary authority to regulate interstate commerce, the Tenth Amendment can never be violated by Congress' exercise of such authority. Thus, whether an activity falls within Congress' purview is contingent upon whether that activity constitutes "commerce" within the scope of the Commerce Clause. *See Prudential Ins. Co. v. Benjamin,* 328 U.S. 408, 423, 66 S.Ct. 1142, 90 L.Ed. 1342 (1946).

In this case, Defendants stipulate that they engaged in interstate commerce within the meaning of RICO for most or all of the time period at issue. Although Defendants initially asserted the Tenth Amendment as an affirmative defense contending that the RICO claims and relief sought by the Government address "purely intrastate matters that are beyond the scope of federal authority,"[6] they now concede that the manufacturing, sale, advertising, and marketing of cigarettes in all 50 States constitutes the type of commercial, interstate activity within the purview of both the Commerce Clause and RICO. *See* JDPPCL at 903–05; Defs.' Opp'n at 16.[7]

 However, Defendants now argue that "[b]y asking the Court to commission federal personnel to enforce state and local ordinances, the Government risks invading basic principles of dual sovereignty embedded in the Tenth Amendment, in which the States retain their rights to exercise their

traditional police powers." Defs.' Opp'n at 17. While Defendants correctly assert that Congress cannot, without violating the Tenth Amendment, employ federal personnel to enforce state and local ordinances, *Printz v. U.S.,* 521 U.S. 898, 932–33, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997) and *U.S. v. Lopez,* 514 U.S. 549, 564, 115 S.Ct. 1624, 131 L.Ed.2d 626 (2000), the Government denies that it seeks any such relief. In fact, Defendants have failed to point to any evidence to the contrary. Accordingly, the Court finds that they have, as a matter of law, failed to justify a ruling that the Government has violated the Tenth Amendment either by bringing this suit or by virtue of its prayer for relief. Therefore, Defendants' affirmative defense of the Tenth Amendment is insufficient as a matter of law.

### C. As a Matter of Law, Defendants Will Be Jointly and Severally Liable for Disgorgement of the Conspiracy's Ill–Gotten Gains if Liability Is Established.

 Joint and several liability is rooted in the principle that a wrongdoer is liable for the reasonably foreseeable acts of his fellow wrongdoers committed in furtherance of their joint undertaking. *Paper Systems Inc. v. Nippon Paper Industries Co.,* 281 F.3d 629, 633 (7th Cir.2002). Joint and several liability serves to both maximize deterrence of defendants and

---

6. Although only Defendants The Council for Tobacco Research–U.S.A., Inc. and The Tobacco Institute, Inc. initially asserted a Tenth Amendment affirmative defense, subsequently, other Defendants incorporated the defense. *See* Defs.' Opp'n at 15.

7. In their Preliminary Proposed Conclusions of Law Regarding Affirmative Defenses, Defendants asserted that the RICO claims violated the Tenth Amendment because they addressed "local transactions" which the Federal Government lacked the power to

regulate. In its Partial Summary Judgment Motion, the Government addressed this argument. However, in its Opposition to the Government's Motion, Defendants abandoned their earlier Tenth Amendment argument, conceding that the conduct at issue falls under the Commerce Clause and arguing instead that the Government infringes on traditional state police powers by asking the Court to commission federal personnel to enforce state and local ordinances.

prevent double recoveries by plaintiffs. *Id.* Joint and several liability also forces all parties responsible for the harm to bear the burden of any lapses in liability. *U.S. v. Simmons*, 154 F.3d 765, 769–70 (8th Cir.1998) (finding joint and several liability in RICO conspiracy case because individual liability would allow defendants to "mask the allocation of the proceeds to avoid forfeiting them altogether").

▮ Every circuit in the country that has addressed the issue has concluded that the nature of both civil and criminal RICO offenses requires imposition of joint and several liability because all defendants participate in the enterprise responsible for the RICO violations. *See Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 775 (9th Cir.2002) ("[h]olding RICO conspirators jointly and severally liable for the acts of their co-conspirators reflects the notion that the damage wrought by the conspiracy is not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole"); *U.S. v. Corrado*, 227 F.3d 543, 553 (6th Cir. 2000) (finding that "joint and several liability is not only consistent with the statutory scheme [of RICO] but in some cases will be necessary to achieve the aims of the legislation" because the "entire scheme would not have succeeded without the support of [the] enterprise").[8]

While the DC Circuit has not yet had the opportunity to examine the application of joint and several liability to RICO claims in particular, it has, albeit in a different context, held that joint and several liability attaches to joint wrongdoing. *See McKenna v. Austin*, 134 F.2d 659, 664 (D.C.Cir.1943)(holding that joint and several liability is required when joint tortfeasors are found liable for a single injury); *Faison v. Nationwide Mortgage Corp.*, 839 F.2d 680, 685–86 (D.C.Cir.1987)(relying on *Leiken v. Wilson*, 445 A.2d 993, 999 (D.C.App.1982) and *McKenna*).

Based upon overwhelming case law from eight other circuits, as well as the reasoning of our circuit in *McKenna* and *Faison* on the general subject of joint and several liability of joint tortfeasors, the Court concludes that joint and several liability is applicable to the collective injury alleged in this case.

In support of their argument that joint and several liability is only appropriate if liability cannot be apportioned, Defendants rely on *SEC v. Hughes Capital*, 124 F.3d 449 (3rd Cir.1997). In *Hughes Capital*,

---

8. *See also U.S. v. Infelise*, 159 F.3d 300, 301 (7th Cir.1998)(holding that co-defendants were correctly held jointly and severally liable under RICO); *U.S. v. Simmons*, 154 F.3d 765, 769–70 (8th Cir.1998)(holding that "[c]odefendants are properly held jointly and severally liable for the proceeds of a RICO enterprise")(citing cases); *U.S. v. McHan*, 101 F.3d 1027, 1043 (4th Cir.1996)(holding that in cases involving the RICO statute, "courts have unanimously concluded that conspirators are jointly and severally liable for amounts received pursuant to their illicit agreement")(citing cases); *U.S. v. Hurley*, 63 F.3d 1, 22 (1st Cir.1995)(concluding that, under RICO, "a member of a conspiracy is responsible for the foreseeable acts of other members of the conspiracy taken in furtherance of the conspiracy"); *Fleischhauer v.* *Feltner*, 879 F.2d 1290, 1301 (6th Cir.1989) (concluding that because "[d]efendants all participated in the 'enterprise' responsible for the RICO violations awarding damages separately is inconsistent with the nature of the injury . . . inflicted"); *U.S. v. Benevento*, 836 F.2d 129, 130 (2d Cir.1988)(affirming district court's finding of joint and several liability for criminal enterprise); *Beneficial Standard Life Insurance v. Madariaga*, 851 F.2d 271, 272 (9th Cir.1988) (agreeing with the district court's finding of joint and several liability in a civil RICO case but reversing on other grounds); and *U.S. v. Caporale*, 806 F.2d 1487, 1506–09 (11th Cir.1986) (holding that "imposition of joint and several liability in a forfeiture order upon RICO co-conspirators is not only permissible but necessary . . . to effectuate the purpose of the forfeiture provision").

the Third Circuit noted that "when apportioning liability among multiple tortfeasors, it is appropriate to hold all tortfeasors jointly and severally liable for the full amount of the damage unless the liability is reasonably apportioned." *Id.* at 455.

Defendants argue that liability can be reasonably apportioned in this case and therefore the Court must not impose joint and several liability. Defs.' Opp'n at 20–21. However, Defendants' assertion ignores the Third Circuit's central holding, i.e., that although apportionment may be appropriate in some joint actions, if there is concerted action or conspiracy apportionment is never reasonable and joint and several liability must attach. *Hughes Capital,* 124 F.3d at 455. With regard to the specific facts before it, the Third Circuit concluded that since the co-conspirators enjoyed a close relationship with each other and collaborated on a single scheme to defraud, the defendant failed to carry its burden of establishing that liability could be apportioned. *Id.* Similarly, the Government alleges that Defendants in this action enjoyed a close relationship and collaborated in a single scheme to defraud. Accordingly, should Defendants be found liable, joint and several liability must apply.

 In the face of the previously cited case law, Defendants argue that even if joint and several liability is appropriate as a general matter, it is inappropriate to apply it in this case because RICO § 1964(a) limits liability to disgorgement of "ill gotten gains," an equitable remedy. *See United States v. Philip Morris,* 273 F.Supp.2d 3, 10 (D.D.C.2002); *see also*

*United States v. Bonanno Organized Crime Family of La Cosa Nostra,* 683 F.Supp. 1411, 1448–49 (E.D.N.Y.1988), *aff'd,* 879 F.2d 20 (2d Cir.1989). Defendants reason that, because the Government is seeking to impose joint and several liability, it is seeking more than each individual Defendant's "ill-gotten gains." Defs.' Opp'n at 21–22.

Defendants' argument is superficially appealing, but only because they conflate the two distinct issues of (1) joint and several liability, i.e., how fault is to be apportioned amongst Defendants, and (2) disgorgement, i.e., what remedy is to be awarded, how much that award should be, and how that amount is to be calculated.

Defendants choose to ignore the fact that, in this case, the Government is alleging a collective harm. If the Court finds that the Government has proven the requisite elements of its case, then it must calculate the amount of remedy that is appropriate. However, because the harm is collective, disgorgement must consist of a unitary amount which represents the "ill-gotten gains" received as a result of the illegal conspiracy as a whole. Thus, while Defendants are correct that any remedy ordered must be limited to "ill gotten gains," in order to be equitable as required by Section 1964(a), *Philip Morris,* 273 F.Supp.2d at 10, the amount of that remedy need not necessarily be apportioned on the basis of the "ill gotten gains" of each individual Defendant because the over-all wrongdoing at issue is collective not individual.[9]

---

9. For this reason, Defendants' reliance on *SEC v. First City Financial Corp.,* 890 F.2d 1215, 1231 (D.C.Cir.1989), is misplaced. In *First City,* the Circuit Court held that, in assessing disgorgement, "the court may exercise its equitable power only over property causally related to the wrongdoing." *Id.* Defendants assert that imposing joint and sever-

al liability in this action would result in each Defendant being liable for more than what the Government claims is causally related to each Defendant's wrongdoing, i.e., more than the amount the Government seeks to disgorge from each individual Defendant. Here again, Defendants conflate the issues of disgorgement and joint and several liability, and ig-

In making their arguments, Defendants seek protection from collective liability when the very purpose of conspiracy laws is to remove any such protection. To impose such a limit, as Defendants suggest, would undermine the primary goals of joint and several liability, namely to deter conspirators from future wrongdoing and deprive wrongdoers of their "ill-gotten gains." Defendants' arguments, ultimately, are unpersuasive in light of the extensive body of case law supporting joint and several liability in conspiracy and RICO cases.[10] The Government charges that Defendants have acted collectively, through their concerted action, to cause harm to the public and to further each Defendant's financial position. Accordingly, if liability is found in this case, it must be joint and several. The nature and amount of the remedy, and how that remedy is apportioned amongst co-conspirators, does not alter this result.[11]

Therefore, the affirmative defense that Defendants are not jointly and severally liable for any disgorgement ordered by the Court is insufficient as a matter of law and the Government's Motion as to joint and several liability is **granted**.

## IV. CONCLUSION

The Government is entitled to summary judgment as to the affirmative defense of separation of powers for the reasons stated in the Court's Memorandum Opinion of March 17, 2004. In addition, the Government's pursuit of its RICO claims and corresponding relief is proper under the Tenth Amendment given that the enactment of RICO is a valid exercise of Congress' power and that Defendants have failed to set forth any disputed material facts concerning the use of state personnel to effectuate the relief sought by the Government. Finally, Defendants' affirmative defense that they are not jointly and severally liable for any disgorgement ordered by the Court fails because under applicable case law, each wrongdoer is liable for any and all harm caused by the joint, coordinated conduct of the conspiracy. Consequently, the Government's Motion is **granted**.

An **Order** will accompany this opinion.

### ORDER # 538

This matter is now before the Court on the United States' Motion for Partial Summary Judgment Regarding Defendants' Affirmative Defenses That the RICO Claims and Sought Relief Are Prohibited by the Tenth Amendment and Separation of Powers and That Defendants Are Not Jointly and Severally Liable for any Disgorgement Ordered by the Court ("Mo-

---

nore that the alleged wrongdoing in this case is of a collective or joint nature.

10. In support of their argument that disgorgement should not be imposed jointly and severally under Section 1964(a), Defendants' rely on *U.S. v. Local 295 of the Int'l Brotherhood of Teamsters*, 1991 WL 128563 (E.D.N.Y.1991). However, in *Local 295*, the court held that disgorgement is appropriate in civil RICO actions. It vacated its finding of joint and several liability for $961,400 only because "the evidence is insufficient to establish how much each of the defendants received from illegal activities." *Id.* at *1. Contrary to Defendants' assertion, the court did not conclude that joint and several liability for disgorgement was not permissible under Section 1964(a).

11. Defendants are of course correct in their assertion that relief under section 1964(a) must not be punitive. To determine if the relief in question is punitive, the Court must consider how much money is disgorged and how such amount is calculated. In any event, disgorgement of ill-gotten proceeds is not punishment. *See SEC v. Bilzerian*, 29 F.3d 689, 696 (D.C.Cir.1994). As disgorgement is the subject of a pending summary judgment motion before the Court, its scope need not be decided here.

tion"). Upon consideration of the Motion, the Opposition, the Reply and the entire record herein, and for the reasons set forth in the accompanying Memorandum Opinion, the United States' Motion is **granted**; it is further

**ORDERED** that the following affirmative defenses are **DISMISSED**:

*Philip Morris, USA Inc.:* Affirmative Defenses 12 and 22

*Altria Group, Inc.:* Affirmative Defenses 13 and 23

*R.J. Reynolds, Tobacco Co.:* Affirmative Defenses 36 and 43

*Brown & Williamson Tobacco Co.:* Affirmative Defense 21

*British American Tobacco (Investments) Limited:* Affirmative Defenses 13, 24, and 31

*Lorillard Tobacco Company:* Affirmative Defense 48

*The Liggett Group, Inc.:* Affirmative Defense 63

*Council for Tobacco Research—USA:* Affirmative defense 24

*The Tobacco Institute:* Affirmative Defenses 15, 26, and 36.