TJX COMPANIES, INC. et al., Appellees,

v.

HALL et al., Appellants.

[Cite as *TJX Cos., Inc. v. Hall,* 183 Ohio App.3d 236, 2009-Ohio-3372.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 91415 and 91421.

Decided July 9, 2009.

238

Thompson Hine, L.L.P., John R. Mitchell, Andrew H. Cox, and James L. Defeo, for appellees.

Calfee, Halter & Griswold, L.L.P., Larry J. Jones, Virginia A. Davidson, and Jennifer L. Whitt, for appellant Lisa M. Hall.

Joan M. Hall, pro se.

Melody J. Stewart, Judge.

{¶ 1} In this consolidated appeal, appellants Joan Hall and her daughter, Lisa Hall, appeal from the trial court's order granting summary judgment to plaintiff-appellees TJX Companies, Inc., T.J. Maxx, and Marshalls (collectively "TJX"),

and finding them jointly and severally liable for damages in excess of $6 million.[1] For the reasons stated below, we affirm.

{¶ 2} In a 2007 Cuyahoga Common Pleas case, co-defendants Joan Hall, Lisa Hall, and Roger Neff were jointly tried and convicted on numerous criminal charges relating to a massive retail-fraud scam against retailers T.J. Maxx, Marshalls, Sears, and Saks Fifth Avenue that spanned 29 states over a period of more than 15 years.

{¶ 3} On May 8, 2007, TJX filed a civil complaint against appellants asserting claims for money damages under Ohio's Pattern of Corrupt Activity Act ("OPCA"), conversion, theft, fraud, unjust enrichment, and civil conspiracy. TJX moved for summary judgment on the OPCA claim and supported the motion with evidentiary materials including affidavits, financial reports, investigative reports, and certified copies of journal entries and excerpts of transcripts from the underlying criminal case against appellants.

{¶ 4} The court granted TJX's motion for summary judgment against appellants on the OPCA claim, and on April 9, 2008, entered final judgment against appellants jointly and severally in the amount of $6,171,787.66.

{¶ 5} Appellants timely appealed this judgment. Lisa Hall, through counsel, raises five assignments of error for review. The first four assigned errors challenge the factual basis of the trial court's grant of summary judgment on the issues of liability and the amount of damages. As all these assignments are interrelated and have a common basis in law and fact, we will address them jointly. The fifth assignment of error asserts that the trial court abused its discretion by denying her an adequate opportunity to defend herself.

■ {¶ 6} Joan Hall, proceeding pro se, raises nine assignments of error challenging the grant of summary judgment. However, in setting forth her arguments, Joan fails to cite any authority to support her claims. An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite any legal authority as required by App.R. 16(A)(7). See also *Citta–Pietrolungo v. Pietrolungo*, Cuyahoga App. No. 85536, 2005-Ohio-4814, 2005 WL 2240953, ¶ 35. "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Cardone v. Cardone* (May 6, 1998), Summit App. Nos. 18349 and 18673, 1998 WL 224934. Additionally, the exhibits attached to Joan's brief are not properly a part of the appellate record. See App.R. 9(A); *Hickman v. Ford Motor Co.* (1977), 52 Ohio App.2d 327, 6 O.O.3d 365, 370 N.E.2d 494. Joan's brief designates nothing that could be

---

1. The trial court's order granted summary judgment against a third defendant, Roger Neff, and found him jointly and severally liable with appellants for the damages awarded. Neff has not appealed the judgment and is not a part of this appeal.

considered as the sort of "assignment of error" envisioned by App.R. 12(A) and 16(A)(2). Rather, the brief advances myriad vaguely worded procedural issues, issues at law, constitutional issues, case notes, and commentaries.

{¶ 7} As a matter of principle, this court affords considerable leniency to those appearing in an action pro se. With that in mind, we granted Joan's motion to consolidate her appeal with Lisa's for purposes of the record, hearing, and disposition. We also granted Joan's motion to consolidate her merit brief with Lisa's. However, in the interests of justice, we shall consider her brief in toto and endeavor to address her arguments against the grant of summary judgment.

## Summary Judgment

{¶ 8} We review the granting of summary judgment under a de novo standard. We afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶ 9} Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, we find that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196.

{¶ 10} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. Once this burden has been satisfied, the nonmoving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue remains for trial. Id.

{¶ 11} When a motion for summary judgment is made and supported as provided in Civ.R. 56, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. Civ.R. 56(E). Summary judgment is properly granted when the evidence, construed most strongly in favor of the nonmoving party, demonstrates that there is no genuine issue of material fact and that reasonable minds can come to only one conclusion. Civ.R. 56(C).

{¶ 12} TJX moved for summary judgment on its claim to hold appellants civilly liable for damages resulting from appellants having engaged in a pattern of

corrupt activity in violation of R.C. 2923.32. TJX supported its motion with affidavits and other documentary evidence. Appellants, pro se, filed an unsupported motion in opposition to TJX's motion for summary judgment in which they opposed summary judgment on the following grounds: (1) that TJX's action is a ploy "to achieve millions of dollars for the government and their affiliates for financial interest and gain, as well as their career and political advancement"; (2) that Joan was wrongly convicted of theft and forgery; (3) that TJX's loss is limited to the amount of restitution ordered in the criminal case; and (4) the pattern of corrupt activity conviction did not specifically pertain to TJX.[2]

{¶ 13} On appeal, appellants argue that TJX failed to establish liability as a matter of law and that the damage award was unsupported by a reasonable degree of certainty, leaving genuine issues of material fact to be resolved as to the amount of damages.

## Liability

{¶ 14} TJX bases its claim for relief on OPCA. The act defines a pattern of corrupt activity as two or more incidents of corrupt activity, regardless of whether there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event. R.C. 2923.31(E).

{¶ 15} Under R.C. 2923.34(A), any person who is injured or threatened with injury by a violation of section 2923.32 of the Revised Code may institute a civil proceeding in an appropriate court, seeking relief from any person whose conduct violated or allegedly violated R.C. 2923.32 of the Revised Code or who conspired or allegedly conspired to violate that section.

{¶ 16} In a civil action under R.C. 2923.34, the plaintiff is entitled to relief upon proof of the violation by a preponderance of the evidence. R.C. 2923.34(B). However, under certain circumstances, the aggrieved person may receive triple the actual damages he sustains. To recover triple damages, the plaintiff shall prove the violation or conspiracy to violate that section and actual damages by clear and convincing evidence. R.C. 2923.34(E) and (F). Damages under this division may include, but are not limited to, competitive injury and injury distinct from the injury inflicted by corrupt activity.

{¶ 17} TJX relies upon appellants' criminal convictions to establish the pattern of corrupt activity upon which the claim for damages is based. R.C. 2923.34(I) provides, "A final judgment, decree, or delinquency adjudication rendered against

---

2. Although the opposition to summary judgment was filed by Joan Hall, the trial court granted Lisa Hall's motion to join in/adopt all motions filed by co-defendant Joan Hall, including the opposition to summary judgment.

the defendant or the adjudicated delinquent child in a civil action under this section or in a criminal or delinquency action or proceeding for a violation of section 2923.32 of the Revised Code shall estop the defendant or the adjudicated delinquent child in any subsequent civil proceeding or action brought by any person as to all matters as to which the judgment, decree, or adjudication would be an estoppel as between the parties to the civil, criminal, or delinquency proceeding or action."

{¶ 18} In *Wloszek v. Weston, Hurd, Fallon, Paisley & Howley,* Cuyahoga App. No. 82412, 2004-Ohio-146, 2004 WL 64947, this court explained, "A criminal conviction is conclusive proof and operates as an estoppel on defendants as to the facts supporting the conviction in a subsequent civil action." Id. at ¶ 40, citing *Local 167 of Internatl. Bhd. of Teamsters, Chauffeurs, Stablemen & Helpers of Am. v. United States* (1934), 291 U.S. 293, 298–299, 54 S.Ct. 396, 78 L.Ed. 804. Estoppel extends only to questions "directly put in issue and directly determined" in the criminal prosecution. Id., citing *Emich Motors Corp. v. Gen. Motors* (1951), 340 U.S. 558, 569, 71 S.Ct. 408, 95 L.Ed. 534. To discern what matters were directly determined in the criminal case, the trial court must look to the record, the pleadings, the evidence submitted, the jury instructions, and any opinions of the courts. Id.

{¶ 19} Appellants' 2007 criminal convictions were the result of a six-week bench trial during which the state presented more than 50 witnesses and more than 100 exhibits. The state presented evidence of a massive retail fraud scam perpetrated by Joan Hall, Roger Neff, and Lisa Hall against multiple retail businesses over a span of 15 years. Police recovered truckloads of TJX merchandise, counterfeit TJX receipts, price tickets, gift cards, blank tickets, jewelry, financial reports, and approximately $1,500,000 in cash from Joan's residence and from safety deposit boxes in Joan's and Lisa's names.

{¶ 20} The trial court convicted Joan Hall of one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, 52 counts of forgery relating to reproduced and/or altered TJX store receipts, 18 counts of tampering with records, and one count each of illegal use of food stamps, possessing criminal tools, theft of property over $100,000, Medicaid theft, and money laundering. Joan was sentenced to a seven-year prison term and hundreds of thousands of dollars in fines and restitution. These convictions, with the exception of one fine, were affirmed on appeal. See *State v. Hall,* Cuyahoga App. No. 90366, 2009-Ohio-462, 2009 WL 270523.

{¶ 21} The court found Lisa Hall not guilty of the theft offense charged, but convicted her of one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, receiving stolen property, and money laundering. Lisa was sentenced to a three-year prison term and a $40,000 fine. These convictions were

affirmed on appeal. See *State v. Hall*, Cuyahoga App. No. 90365, 2009-Ohio-461, 2009 WL 270524.[3]

{¶ 22} In reaching its verdict on the pattern-of-corrupt-activity charge, the trial court found that all three defendants participated in the affairs of the enterprise through a pattern of corrupt activity. The trial court identified the criminal enterprise as "a multi-state retail theft" operation. The court found that all three defendants were active participants in the operation: "Joan Hall conducted and ran the operation quite well. * * * Roger Neff aided and abetted as the accomplice. * * * And Lisa Hall would direct the investments and proceeds in order to help or assist her mother to obtain the money from this particular operation."

{¶ 23} Lisa contends that the trial court erred in finding her liable for damages under the statute. Lisa argues that she cannot be held jointly and severally liable with her mother for damages from the retail scam because she was acquitted of the theft offense. She relies upon this court's decision in *Herakovic v. Catholic Diocese*, Cuyahoga App. No. 85467, 2005-Ohio-5985, 2005 WL 3007145, for the proposition that TJX had to show that Lisa, separate and apart from Joan, proximately caused TJX's loss.

{¶ 24} In *Herakovic*, the plaintiffs, sexual assault victims, alleged that the Cleveland Catholic Diocese and various individuals concealed incidents of child sex abuse that had occurred many years earlier in order to protect the reputation and resources of the church. Plaintiffs brought a civil action seeking to recover damages resulting from the cover-up, which they claimed demonstrated a pattern of corrupt activity. In affirming the dismissal of the complaint, we held that plaintiffs' injuries were proximately caused by the individual acts of abuse years earlier and not from the alleged corrupt activity that occurred years later.

{¶ 25} We do not have that same situation here. Although the trial court found Lisa not guilty of the theft offense, the court found Lisa guilty of receiving stolen property in excess of $100,000 and of money laundering, both predicate offenses included in the definition of "corrupt activity." R.C. 2923.31(I)(2). The court found that Lisa knew that the money she received and controlled was the "fruit of an illegal activity" and that she "expressed the knowledge of the source of the money," which was the retail theft. The trial court concluded that Lisa was an active participant in the enterprise that caused TJX's injury.

{¶ 26} On the basis of the criminal court's findings, both appellants are precluded in the instant civil action from denying their participation in the retail

---

3. The court convicted Roger Neff of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), possession of criminal tools, and theft. These convictions were affirmed on appeal. See *State v. Neff*, Cuyahoga App. No. 90132, 2009-Ohio-459, 2009 WL 270526.

fraud enterprise that proximately caused TJX's injury. As a result of their participation, appellants are jointly and severally liable for the resultant damages. See *United States v. Philip Morris USA, Inc.* (D.D.C.2004), 316 F.Supp.2d 19 ("[E]very circuit in the country that has addressed the issue has concluded that the nature of civil * * * RICO [Racketeer Influenced and Corrupt Organizations] offenses requires imposition of joint and several liability because all defendants participate in the enterprise responsible for the RICO violations").

{¶ 27} Accordingly, we affirm the grant of summary judgment to TJX on the issue of appellants' liability.

## Damages

{¶ 28} Having established that TJX is entitled to recover damages from appellants, the only question remaining is whether the trial court erred in its damage award. Appellants argue that the trial court's damage award is excessive and unsupported by clear and convincing evidence. Appellants rely upon the criminal court's award of $159,322.28 in restitution as an indicator of a reasonable amount of TJX's loss. Appellants also argue that the court failed to consider restitution amounts that they claim have been paid.

{¶ 29} R.C. 2929.18 authorizes a court in a criminal proceeding to order restitution to a victim. An award of restitution does not preclude a subsequent civil action. R.C. 2929.18(H). Any restitution payment must be credited against any recovery of economic loss in a civil action brought by the victim against the offender. R.C. 2929.18(A)(1). A restitution award in a criminal action does not establish the amount of damages recoverable by a victim in a subsequent civil action. *United States v. Barnette* (C.A.11, 1994), 10 F.3d 1553.

{¶ 30} TJX supported its motion for summary judgment with affidavits and other documentary evidence demonstrating injury suffered as a result of appellants' multiyear, multistate retail theft operation. Appellants' opposition consisted solely of their unsupported affidavits in which appellants denied any liability and contested their criminal convictions. "Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party." (Citation omitted.) *Davis v. Cleveland,* Cuyahoga App. No. 83665, 2004-Ohio-6621, 2004 WL 2829027.

{¶ 31} As a result, appellants have failed to demonstrate specific facts showing a genuine issue of material fact for trial on the issue of damages. Therefore, we

review this argument only to see whether summary judgment on this issue "is appropriate." Civ.R. 56(E).

{¶ 32} The general rule regarding damages in civil cases is that they must be proven with certainty, but the amount may be reasonably estimated. See *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.* (C.A.9, 1994), 16 F.3d 1032, 1038. "Damages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient if a reasonable basis of computation is afforded, although the result be only approximate." *Palmer v. Connecticut Ry. & Lighting Co.* (1941), 311 U.S. 544, 559–560, 61 S.Ct. 379, 85 L.Ed. 336, citing *Eastman Kodak Co. v. S. Photo Materials Co.* (1927), 273 U.S. 359, 379, 47 S.Ct. 400, 71 L.Ed. 684.

{¶ 33} The rule allowing estimates is especially applicable where defendant's conduct prevents an exact calculation. "[A] defendant whose wrongful conduct has rendered difficult the ascertainment of the precise damages suffered by the plaintiff, is not entitled to complain that they cannot be measured with the same exactness and precision as would otherwise be possible." *Eastman Kodak,* 273 U.S. at 379, 47 S.Ct. 400, 71 L.Ed. 684, quoting *Hetzel v. Baltimore & Ohio RR.,* 169 U.S. 26, 39, 18 S.Ct. 255, 42 L.Ed. 648. " '[I]t does not 'come with very good grace' for the wrongdoer to insist upon specific and certain proof of the injury which it has itself inflicted.' " *J. Truett Payne Co. v. Chrysler Motors Corp.* (1981), 451 U.S. 557, 566, 101 S.Ct. 1923, 68 L.Ed.2d 442, quoting *Hetzel,* 169 U.S. at 38–39, 18 S.Ct. 255, 42 L.Ed. 648. "The ways compensatory damages may be proven are many. The injured party is not to be barred from a fair recovery by impossible requirements." *Palmer,* 311 U.S. at 560–561, 61 S.Ct. 379, 85 L.Ed. 336.

{¶ 34} Because of the length of time involved, the various methods that appellants employed to steal from TJX and to hide the source and amount of money stolen, the voluminous number of transactions, and the sheer magnitude of the operation, TJX was unable to state a precise dollar amount of the loss sustained as a result of appellants' conduct. Instead, TJX was forced to make what it considered a reasonable estimate of loss. In that it was appellants' criminal conduct that prevented a more exacting calculation, appellants cannot complain about the lack of precision.

{¶ 35} To support its damage calculation, TJX provided evidence of the retail-fraud operation gathered by police and used in the criminal trial. A police search of appellants' residences and safety deposit boxes recovered more than $1,300,000 in cash and almost $200,000 in TJX jewelry and other merchandise. Most of the money recovered was in $100 bills wrapped in T.J. Maxx bags. Additionally, police found dozens of credit/debit cards and TJX gift cards; hundreds of

receipts, both counterfeit and original; thousands of TJX price tickets; devices to attach and alter price tickets; balance sheets; financial reports; and investment account statements.

{¶ 36} TJX also provided an affidavit from William Dammarell, Regional Loss Prevention Manager for T.J. Maxx stores, in which Dammarell recounted a four-hour conversation he had with Joan Hall. During that conversation, she described to him the various ways she was able to steal "millions" of dollars in merchandise from TJX over the years.

{¶ 37} Derek Carlson, Regional Investigations Manager for the Marmaxx Group, a division of TJX, provided a detailed report of the investigation made into appellants' operation. Through a review of TJX's business records, police records, appellants' statements, and other evidence recovered in the criminal investigation, Carlson was able to analyze the different methods employed by appellants to unlawfully obtain merchandise and money from TJX stores. Based upon Carlson's analysis and the other evidence provided, TJX estimated $1,818,475 of the cash recovered from the criminal investigation represented actual damages to TJX from appellants' criminal operation over the years. TJX also provided evidence of $174,978.05 in TJX merchandise and jewelry that was recovered but is worthless. TJX presented evidence of attorney fees in the amount of $191,426.65. Ohio's Pattern of Corrupt Activity Act, like RICO, provides for treble damages and attorney fees. R.C. 2923.34(F).

{¶ 38} The trial court in appellants' criminal case found that the money in the safety deposit boxes was the fruit of appellants' illegal enterprise. TJX's civil action raises a claim to that money. TJX presented evidence to reasonably estimate its loss from appellants' retail theft operation at close to $2 million. Appellants failed to contest this estimate with evidence of specific facts to demonstrate that an issue of material fact remains for trial.

{¶ 39} Accordingly, we find that the trial court's grant of summary judgment to TJX was appropriate on the issue of liability and on the amount of damages. Therefore, appellants' first four assignments of error are overruled.

{¶ 40} Appellant's fifth assignment of error asserts that the trial court abused its discretion by denying appellants an adequate opportunity to defend themselves. Appellants argue that due to the "unique circumstances" of the case, being that they were incarcerated and proceeding pro se, the trial court abused its discretion by denying certain of appellants' motions. Appellants seek to appeal the trial court's rulings on those motions.

{¶ 41} The purpose of the notice of appeal is to apprise the opposite party or parties of the taking of an appeal and advise them of "just what appellants * * * [are] undertaking to appeal from." *Maritime Mfrs., Inc. v. Hi–*

*Skipper Marina* (1982), 70 Ohio St.2d 257, 258–259, 24 O.O.3d 344, 436 N.E.2d 1034. Pursuant to App.R. 3(D), an appellant is required to designate judgments or orders in the notice of appeal. Specifically, App.R. 3(D) provides:

{¶ 42} "(D) Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."

{¶ 43} In accordance with this rule, we have consistently declined jurisdiction to review a judgment or order that is not designated in the notice of appeal. *Robinson v. Allstate Ins. Co.,* Cuyahoga App. No. 84666, 2004-Ohio-7032, 2004 WL 2980489, citing *Slone v. Bd. of Embalmers & Funeral Dirs.* (1997), 123 Ohio App.3d 545, 704 N.E.2d 633; *Parks v. Baltimore & Ohio RR.* (1991), 77 Ohio App.3d 426, 428, 602 N.E.2d 674; *Bellecourt v. Cleveland,* 152 Ohio App.3d 687, 2003-Ohio-2468, 789 N.E.2d 1133; *Brady v. Benzing,* Cuyahoga App. No. 81894, 2003-Ohio-3354, 2003 WL 21469584; *Cavanaugh v. Sealey* (Jan. 23, 1997), Cuyahoga App. Nos. 69907, 69908, and 69909, 1997 WL 25521; *In re Estate of Borgh* (Jan. 4, 1996), Cuyahoga App. Nos. 68033 and 68145, 1996 WL 4039.

{¶ 44} Both Joan's and Lisa's notices of appeal designate the trial court's order granting summary judgment as the order from which they appealed. Additionally, Lisa's notice of appeal states that the appeal is from the ruling on summary judgment and "from all non-final orders, entries, factual and legal conclusions adopted thereby." However, this notice does not specifically identify any orders except the March 6, 2008 order granting TJX's motion for summary judgment and the April 9, 2008 final judgment. Accordingly, appellants' fifth assignment of error, challenging orders not designated in appellants' notices of appeal, is not properly presented to us for appellate review.

Judgment affirmed.

KILBANE, P.J., and JONES, J., concur.