[Cite as *Millennia Hous. Mgt., Ltd. v. Johnson*, 2013-Ohio-1341.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98277**

# MILLENNIA HOUSING MANAGEMENT, LTD.

PLAINTIFF-APPELLEE

vs.

# PATRICIA JOHNSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cleveland Municipal Court
Case No. 2011 CVG 019831

**BEFORE:** Celebrezze, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 4, 2013

**FOR APPELLANT**

Patricia Johnson, pro se
P.O. Box 91391
Cleveland, Ohio   44101


**ATTORNEYS FOR APPELLEE**

Sarah S. Graham
Robert G. Friedman
Powers Friedman Linn, P.L.L.
23240 Chagrin Boulevard
Suite 180
Cleveland, Ohio   44122

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant, Patricia Johnson ("appellant"), pro se, appeals the decision of the Cleveland Municipal Court, Housing Division, granting judgment in favor of plaintiff-appellee, Millennia Housing Management, Ltd. ("Millennia"), on its forcible entry and detainer action against her for non-payment of rent. After careful review of the record and relevant case law, we affirm the judgment of the trial court.

**{¶2}** On October 31, 2011, Millennia filed a forcible entry and detainer action with money damages against appellant for the premises located at 5111 Hector Avenue, No. 303, Cleveland, Ohio. Appellant did not appear at the hearing held in the Cleveland Municipal Court on November 21, 2011. At the conclusion of the hearing, the municipal court granted judgment for restitution in favor of Millennia Housing. A physical move-out date was scheduled for December 11, 2011.

**{¶3}** On November 28, 2011, appellant filed an answer and counterclaim, a motion for relief from judgment, a motion for temporary restraining order, and an affidavit in support. On November 30, 2011, appellant filed a motion for stay pending appeal, which she subsequently filed with this court on December 1, 2011. After filing the motion to stay with the municipal court, appellant filed the same motion with this court, which we denied on December 1, 2011.

**{¶4}** On December 2, 2011, the municipal court scheduled a hearing to take place on December 8, 2011, regarding appellant's motion for stay pending appeal. At the

hearing, appellant was instructed to file a post-hearing brief on the issue of whether the municipal court was entitled to grant her motion to stay when this court had already denied the same motion. Appellant filed her post-hearing brief on December 16, 2011.

{¶5} On December 21, 2011, the municipal court granted a temporary stay pending appeal provided that appellant deposit her December 2011 rent and all future rent during the pendency of the appeal with the court by the tenth day of each month. On January 13, 2012, appellant filed a motion to dismiss her appeal in 8th Dist. No. 97621. This court granted appellant's motion on January 18, 2012.

{¶6} On January 26, 2012, Millennia filed a motion to lift the temporary stay of execution pending appeal and request for immediate hearing on appellant's motion for relief from judgment. On January 30, 2012, the municipal court set a hearing for February 9, 2012, to review appellant's pending motions. At the conclusion of the hearing, the municipal court granted appellant's motion for relief from judgment, stating in relevant part,

> [p]laintiff stipulated to the error in defendant's zip code as stated in the service address and property address in the complaint. Therefore, the motion for relief is granted. The judgment on the claim for possession (entered November 23, 2011) is vacated. * * * The defendant received service of summons and complaint in court today.

Additionally, the trial court determined that its judgment rendered in favor of appellant on her motion for relief from judgment rendered moot her December 19, 2011 motion to stay the execution of judgment.

**{¶7}** In the municipal court's February 16, 2012 judgment entry, it adopted the magistrate's decision in full and scheduled a hearing on the claim for possession for February 23, 2012.

**{¶8}** On February 22, 2012, appellant filed an appeal with this court in 8th Dist. No. 97976. On February 23, 2012, this court dismissed appellant's appeal sua sponte. The case was thereafter reinstated to the municipal court's active docket and reset for trial.

**{¶9}** On March 23, 2012, a trial was held on Millennia's complaint for forcible entry and detainer. On April 9, 2012, the magistrate granted judgment in favor of plaintiff on the claim for possession. On April 11, 2012, the municipal court adopted the magistrate's decision in full.

**{¶10}** Appellant now brings this appeal, pro se, raising three assignments of error for review:

> I. The trial court erred when it issued a writ of possession without holding a hearing on the appellant's motion for non-service of the complaint.
>
> II. The trial court erred in failing to hold a hearing set forth on the record violations committed by the appellant against the December 21, 2011 court order.
>
> III. The trial court erred when it failed to vacate or dismiss the December 21, 2011 court order before issuing a wit of possession.

Law and Analysis

**{¶11}** In her first assignment of error, appellant argues that the trial court erred when it issued a writ of possession without holding a hearing on her motion for non-service of the complaint.

**{¶12}** On review of the record, we interpret appellant's argument as referring to her November 28, 2011 motion for relief from judgment, in which she argued that she was not properly served with the summons and complaint. Contrary to appellant's position herein, the record reflects that the trial court held a hearing on her motion for relief from judgment on February 9, 2012, and ultimately granted the motion based on Millennia's service to an incorrect address. Accordingly, the trial court properly addressed, and subsequently remedied, the errors relating to the initial service of Millennia's complaint.

**{¶13}** Appellant's first assignment of error is overruled.

**{¶14}** In her second assignment of error, appellant argues that the trial court erred as a matter of law when it failed to hold a hearing to set forth on the record violations committed by her against the December 21, 2011 court order. In her third assignment of error, appellant argues that the trial court erred when it failed to vacate or dismiss the December 21, 2011 court order before issuing a writ of possession. For the purposes of judicial clarity, we address appellant's second and third assignments of error together.

**{¶15}** Initially, we note that appellant failed to provide this court with case law or analysis in support of her second and third assignments of error; thus, appellant's proposed errors are vague and unclear. Pursuant to App.R. 12(A)(2), an appellate court

may disregard an assignment of error if an appellant fails to cite any legal authority as required by App.R. 16(A)(7). *See also Citta-Pietrolungo v. Pietrolungo*, 8th Dist. No. 85536, 2005-Ohio-4814, ¶ 35. Moreover, "[i]f an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *TJX Cos. v. Hall*, 183 Ohio App.3d 236, 2009-Ohio-3372, 916 N.E.2d 862, ¶ 6 (8th Dist.).

**{¶16}** Nonetheless, based on appellant's reference to the trial court's December 21, 2011 order, we find no merit to appellant's second and third assignments of error. In the case at hand, the trial court's December 21, 2011 order granted appellant's motion to stay the execution of the November 21, 2011 judgment pending the appeal before this court. However, appellant's motion to stay was ultimately rendered moot in light of the trial court's judgment in favor of appellant on her motion for relief from judgment on February 16, 2012. Because the issue was rendered moot by the trial court, we find no error in the trial court's conduct pertaining to its December 21, 2011 order.

**{¶17}** Appellant's second and third assignments of error are overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, J., and
KATHLEEN ANN KEOUGH, J., CONCUR